ATTORNEYS FOR APPELLANT
Gregory F. Zoeller
Attorney General of Indiana

Thomas M. Fisher
Solicitor General of Indiana

Heather Hagan McVeigh
Ashley Tatman Harwel
Deputy Attorneys General
Indianapolis, Indiana

ATTORNEYS FOR AMICI CURIAE INSURANCE
INSTITUTE OF INDIANA, INC., INDIANA
MANUFACTURERS ASSOCIATION, AND INDIANA
CHAMBER OF COMMERCE, INC.
John C. Trimble
Richard K. Shoultz
Lewis S. Wooton
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE
Patrick W. Noaker
St. Paul, Minnesota

Eric A. Koch
Bloomington, Indiana

ATTORNEY FOR AMICUS CURIAE INDIANA TRIAL
LAWYERS ASSOCIATION
Thomas A. Manges
Fort Wayne, Indiana



FILED
May 14 2013, 9:28 am

CLERK
of the supreme court,
court of appeals and
tax court

# In the
# Indiana Supreme Court

No. 49S00-1201-CT-14

STATE OF INDIANA,

*Appellant (Intervenor below),*

v.

JOHN DOE,

*Appellee (Plaintiff below).*

Appeal from the Marion Superior Court, No. 49D10-0402-CT-443
The Honorable David J. Dreyer, Judge

On Direct Appeal Pursuant to Indiana Appellate Rule 4(A)(1)(b)

**May 14, 2013**

**Massa, Justice.**

The State here appeals from a judgment declaring Indiana Code §§ 34-51-3-4, -5, and -6 impermissibly inconsistent with Article 1, Section 20 and Article 3, Section 1 of our Indiana Constitution. We reverse.

## Facts and Procedural History

### A.  Relevant Historical and Statutory Background

Punitive damages, sometimes known as "exemplary damages," are "intended to punish and thereby deter blameworthy conduct." Black's Law Dictionary 448 (9th ed. 2009). They are an ancient remedy. See Exxon Shipping Co. v. Baker, 554 U.S. 471, 491 (2008) (citing Code of Hammurabi § 8, p. 13 (R. Harper ed. 1904) (authorizing a tenfold penalty for stealing the goat of a freed man); Statute of Gloucester, 1278, 6 Edw. I, ch. 5, 1 Stat. at Large 66 (permitting treble damages for waste)). Their place in American jurisprudence dates to 1763, when the Court of Common Pleas noted the possibility of damages "for more than the injury received." Id. (citing Wilkes v. Wood, Lofft 1, 18, 98 Eng. Rep. 489, 498 (1763) (Lord Chief Justice Pratt) (awarding £4,000 in exemplary damages to plaintiff John Wilkes after the Secretary of State caused his papers to be searched unlawfully)). By 1837, they had reached Indiana, and as we said then:

> The assessment of damages is a matter which must be, unavoidably, in a great measure left to the discretion of the jury. It is proper for them to take into consideration all the circumstances under which a trespass may have been committed; and wherever malice, insult, or deliberate oppression, has been an ingredient in the wrongful act, to award, in addition to the actual loss sustained,

2

> such exemplary damages as shall tend to prevent a repetition of the
> injury.

Anthony v. Gilbert, 4 Blackf. 348, 349 (Ind. 1837).

But for nearly as long as we have had punitive damages in Indiana, we have recognized their controversial nature: "a principle that allows an individual to put the money assessed against another individual, as punishment or a warning example, into his private pocket when he is not entitled to it, whatever public advantages it may have, does not seem to be thoroughly sound." Stewart v. Maddox, 63 Ind. 51, 57 (1878). Our Court of Appeals has imposed a requirement "that the amount of punitive damages awarded by a jury must bear some reasonable proportion to the amount of compensatory damages," Bangert v. Hubbard, 127 Ind. App. 579, 589, 126 N.E.2d 778, 783 (1955), and our federal brethren have suggested that a proportion of more than nine to one may offend due process. State Farm Mut. Auto. Ins. Co. v. Campbell, 538 U.S. 408, 425 (2003).

Legislatures in other states, perhaps in response to similar concerns, began in the late 1980s to impose statutory caps on punitive damage awards. BMW of N. Am., Inc. v. Gore, 517 U.S. 559, 615–16 (1996) (Ginsburg, J., dissenting) (citing statutes from Colorado, Connecticut, Delaware, Florida, Georgia, Illinois, Kansas, Maryland, Minnesota, Nevada, New Jersey, North Dakota, Oklahoma, Texas, and Virginia). In 1995, our own General Assembly passed a law imposing certain restrictions on the recovery of punitive damages in civil cases. Ind. Code ch. 34-51-3 (2008 & Supp. 2012); Act of April 26, 1995, P.L. 278-1995, §§ 10–13, 1995 Ind. Acts 4058–59. In addition to modifying the burden of proof required to recover punitive damages, Ind. Code § 34-51-3-2 (2008), it provides that:

> A punitive damage award may not be more than the greater of:
> (1) three (3) times the amount of compensatory damages awarded
> in the action; or
> (2) fifty thousand dollars ($50,000).

Ind. Code § 34-51-3-4 (2008). This cap is accompanied by an allocation provision:

> (a) Except as provided in IC 13-25-4-10, when a finder of fact announces a verdict that includes a punitive damage award in a civil action, the party against whom the judgment was entered shall notify the office of the attorney general of the punitive damage award.
>
> (b) When a punitive damage award is paid, the party against whom the judgment was entered shall pay the punitive damage award to the clerk of the court where the action is pending.
>
> (c) Upon receiving the payment described in subsection (b), the clerk of the court shall:
>
>   (1) pay the person to whom punitive damages were awarded twenty-five percent (25%) of the punitive damage award; and
>
>   (2) pay the remaining seventy-five percent (75%) of the punitive damage award to the treasurer of state, who shall deposit the funds into the violent crime victims compensation fund established by IC 5-2-6.1-40.

Ind. Code § 34-51-3-6 (2008). The statute specifies that juries may not be apprised of the cap or the allocation. Ind. Code § 34-51-3-3 (2008). If a jury awards punitive damages in excess of the cap, the statute requires the court to reduce the award to the statutory maximum. Ind. Code § 34-51-3-5 (2008).

**B. John Doe's Lawsuit**

In April 2008, a jury awarded John Doe $150,000 in punitive damages as part of a judgment in his lawsuit against Father Jonathan Lovill Stewart for childhood sexual abuse. Stewart moved to reduce the punitive damages pursuant to the statutory cap. Ind. Code §§ 34-51-3-4 & -5. On February 27, 2009, the trial court denied that motion, holding those statutes violated two provisions of our state Constitution: Article 3, Section 1, which requires the separation of governmental powers, and Article 1, Section 20, which guarantees the right to trial by jury in civil cases.

In March 2009, the State intervened in the case to protect its interest in the punitive damages award. Doe filed various documents contending the allocation provision was unconstitutional as applied to him. His argument was initially based solely on the state and federal Takings Clauses, although he later raised separation of powers and jury trial arguments.

On September 27, 2011, without holding a hearing on Doe's constitutional claims or allowing the State to respond to his late-raised arguments, the trial court issued an order declaring both cap and allocation violated the separation of powers and right to jury trial. The State moved to correct error, seeking an opportunity to demonstrate the statutes comport with those constitutional provisions, but the trial court denied that motion.

The State now appeals. We have mandatory and exclusive jurisdiction over this and all appeals from judgments invalidating state statutes on constitutional grounds. Ind. Appellate Rule 4(A)(1)(b).

**Standard of Review**

The facial constitutionality of a state statute is a pure question of law, and we address it de novo. State v. Moss-Dwyer, 686 N.E.2d 109, 110 (Ind. 1997). We will declare a statute facially invalid only when we are firmly convinced there are no circumstances under which the statute could constitutionally be applied. Baldwin v. Reagan, 715 N.E.2d 332, 337 (Ind. 1999). We are mindful of the legislature's constitutional authority to determine the public policy of our state, and we thus will restrict our analysis to the constitutionality of the statute and refrain from evaluating its wisdom or suitability. State v. Rendleman, 603 N.E.2d 1333, 1334 (Ind. 1992); Johnson v. St. Vincent Hosp., Inc., 273 Ind. 374, 381, 404 N.E.2d 585, 591 (1980). "[E]very statute stands before us clothed with the presumption of constitutionality, and such presumption continues until clearly overcome by a showing to the contrary." Rendleman, 603 N.E.2d at 1334 (quoting Sidle v. Majors, 264 Ind. 206, 209, 341 N.E.2d 763, 766 (1976)). The burden to make that showing rests squarely on the challenging party. Id.

5

**The Cap and Allocation Scheme Does Not Infringe Upon the Right to Jury Trial**

In support of the constitutionality of the cap and allocation scheme, the State argues punitive damages are a legal remedy and thus beyond the scope of the jury's fact-finding function. By way of rejoinder, Doe asserts the right to jury trial applies to all common law causes of action and damages, and plaintiffs have a common law right to recover punitive damages under appropriate circumstances.

Although the particular issue raised in this appeal is novel, this is not the first time we have weighed the validity of a statutory cap on damages against a constitutional challenge based on the right to jury trial. Johnson, 273 Ind. at 400–01, 404 N.E.2d at 602. We upheld that cap, imposed on compensatory damages in medical malpractice cases, saying "there is no indication . . . that the right to have a jury assess the damages in a case properly tried by jury constitutes a limitation upon the authority of the Legislature to set limits upon damages." Id. at 400–01, 404 N.E.2d at 602. We noted further that the cap limited recoveries, but subject to that limit, "the right to have the jury assess the damages is available. No more is required by Art. I, § 20, of the Indiana Constitution in this context." Id. at 400–01, 404 N.E.2d at 602.

Nor is this the first time we have had occasion generally to address the constitutionality of the allocation provision of the punitive damages statute. In 2003, we considered whether that provision violated the state and federal Takings Clauses. Cheatham v. Pohle, 789 N.E.2d 467, 473 (Ind. 2003). Finding it did not, we said "consistent with their punitive nature, punitive damages are akin to a fine exacted by the government of Indiana to deter and punish wrongdoers. Requiring payment of this fine to a victim compensation fund rather than awarding it to a private citizen is well within the state legislature's authority." Id. at 475.

Taken together, these two precedent cases require us to uphold both the cap and allocation provisions at issue here. Doe has offered no meaningful reason, and we can conceive none, why a punitive damages cap is so materially different from a compensatory damages cap as to render the former unconstitutional when the latter is not.[1] Rather, we agree with the State that, as we have said before, the jury's determination of the amount of punitive damages is not the sort of "finding of fact" that implicates the right to jury trial under our state constitution. Stroud v. Lints, 790 N.E.2d 440, 445 (Ind. 2003). We believe the allocation of punitive damages is similarly not a "finding of fact" for constitutional purposes. Therefore, we find the cap and allocation provisions are fully consonant with the right to jury trial protected by Article 1, Section 20 of our state constitution.

### The Cap Does Not Offend the Separation of Powers

The State maintains that, although the courts have the power to punish quasi-criminal conduct through the imposition of punitive damages, the legislature has the authority to delineate the boundaries of that judicial power. Doe contends the judiciary has the sole power to modify excessive verdicts through the procedural device of remittitur, and that any legislative foray into that arena is therefore unconstitutional.

"The powers of the Government are divided into three separate departments; the Legislative, the Executive including the Administrative, and the Judicial: and no person, charged with official duties under one of these departments, shall exercise any of the functions of another, except as in this Constitution expressly provided." Ind. Const. art. 3, § 1. This doctrine

---

[1] We note the trial court characterized our opinion in Johnson as a "narrow" "one-paragraph discussion" in which we "failed to conduct" the necessary historical analysis. App. at 15–16. To the extent that this language was intended as an invitation to reconsider Johnson, we decline.

of separation of powers "is the keystone of our form of government," Book v. State Office Bldg. Comm'n, 238 Ind. 120, 159, 149 N.E.2d 273, 293 (1958), and it "recognizes that each branch of the government has specific duties and powers that may not be usurped or infringed upon by the other branches of government." State v. Monfort, 723 N.E.2d 407, 411 (Ind. 2000). In the criminal context, for example, the legislative branch is charged with defining crimes and establishing penalties generally, while the judicial branch is charged with applying those general guidelines to the conviction and sentencing of particular offenders. Lemmon v. Harris, 949 N.E.2d 803, 814 (Ind. 2011) (citing State v. Palmer, 270 Ind. 493, 497, 386 N.E.2d 946, 949 (1979); Ind. Code § 35-50-1-1 (2008)).

We believe this same separation applies in the context of civil litigation. Just as the legislative branch has broad power to limit common law causes of action and remedies, including punitive damages, see Cheatham v. Pohle, 789 N.E.2d 467, 471 (Ind. 2003), the judicial branch has sole authority to apply those limitations to particular cases. The cap is a public policy judgment that punitive damages in civil cases should not exceed a certain amount. As such, it is no different from a public policy judgment that the penalty for Class C felony child molesting, for example, is imprisonment for between two and eight years. Ind. Code §§ 35-50-2-6(a) (2008) (setting the advisory sentence for a Class C felony); 35-42-4-3(b) (2008) (defining Class C felony child molesting). If an offender is convicted of child molesting, the court has absolute discretion to set the offender's punishment—so long as it exercises that discretion within the statutorily-mandated range of two to eight years. Just so here; the legislative branch imposed a cap on the amount of punitive damages that a jury may award, and it provided that 75% of those damages would be allocated to the VCF. The trial court had absolute discretion to award damages as it saw fit—provided the award fit within those statutory parameters. Article 3, Section 1 of our Constitution demands nothing more.

Finally, we do not find persuasive Doe's argument that the cap and allocation provision constitute a "legislative remittitur." Remittitur is "[a]n order awarding a new trial, or a damages amount lower than that awarded by the jury, and requiring the plaintiff to choose between those alternatives." Black's Law Dictionary 1409 (9th ed. 2009). Indiana trial courts have the power

to order remittitur upon motion of a party to correct error. Ind. Trial Rule 59(J)(5). The cap is not a remittitur, as it does not require a plaintiff to choose between a reduced damages award and a new trial, nor does it depend upon the presence of some error in need of correction. Nor is the allocation provision a remittitur; it does not change the amount of the damage award at all. Rather, both cap and allocation delineate a boundary within which the court may exercise its discretion to award damages, order remittitur, or otherwise modify the judgment as appropriate in light of the evidence and circumstances of the particular case before it. That boundary is within the legislature's power to set, and the exercise of that power does not offend Article 3, Section 1 of our Indiana Constitution.

## Conclusion

We hold that Indiana Code §§ 34-51-3-4, -5, and -6 do not violate either Article 1, Section 20 or Article 3, Section 1 of our Indiana Constitution. We therefore reverse the trial court and remand this case with instructions to (1) grant Stewart's motion to reduce the punitive damages to the statutory maximum and (2) order that 75% of the award be deposited into the Violent Crime Victim Compensation Fund.

Dickson, C.J., Rucker, David, and Rush, JJ., concur.