ATTORNEY FOR APPELLANT
Robert T. Sanders III
Elkhart, Indiana

ATTORNEYS FOR APPELLEE
Glenn L. Duncan
Lisa Gilkey Schoetzow
Elkhart, Indiana

_____

# In the
# Indiana Supreme Court



_____

No. 20S04-1406-PL-399

RALPH ANDREWS,

*Appellant (Plaintiff),*

v.

MOR/RYDE INTERNATIONAL, INC.,

*Appellee (Defendant).*

_____

Appeal from the Elkhart Superior Court, No. 20D03-0908-PL-55
The Honorable George W. Biddlecome, Judge

_____

On Petition to Transfer from the Indiana Court of Appeals, No. 20A04-1303-PL-141

_____

**June 19, 2014**

**Rush, Justice.**

Indiana significantly restricts recovery of *common-law* punitive damages, including a heightened burden of proof, a cap on their amount, and diverting 75% of such awards to the State. But we have held those restrictions do not reach *statutory* treble-damage awards under the Crime Victims Relief Act—and today, we reach the same conclusion as to mandatory "exemplary damage" awards under the Indiana Sales Representative Act. We therefore grant transfer and reverse the trial court.

### Background

From 1996 until 2008, Ralph Andrews was an independent commissioned sales representative for Mor/Ryde International, Inc. After Mor/Ryde terminated Andrews's contract, he sued, alleging that Mor/Ryde owed him unpaid commissions.

One count of Andrews's complaint sought recovery under the Indiana Sales Representative Act. Ind. Code 24-4-7 (2007). The Sales Representative Act requires certain businesses to pay their commissioned wholesale sales agents all accrued commissions within fourteen days of terminating the principal-agent relationship. I.C. § 24-4-7-5(a). "A principal who in bad faith fails to comply" with that requirement "shall be liable, in a civil action brought by the sales representative, for exemplary damages in an amount no more than three (3) times the sum of the commissions owed to the sales representative." I.C. § 24-4-7-5(b).

On cross-motions for summary judgment that are not challenged here, the trial court ruled that Mor/Ryde had complied with the termination provisions of Andrews's contract, and that the Sales Representative Act applied to its contract with Andrews. Mor/Ryde then moved the trial court to determine whether "exemplary damages" under the Sales Representative Act are subject to Indiana's statutory restrictions on awards of "punitive damages," including proof by "clear and convincing evidence" and diversion of three-quarters of the award to the State. I.C. §§ 34-51-3-2, -6 (2008) (generally, the "Punitive Damages Act" or just "the Act"). The trial court agreed with Mor/Ryde that the punitive-damage restrictions do apply, but granted leave for an interlocutory appeal.

The Court of Appeals accepted the interlocutory appeal, and a divided panel affirmed the trial court. The majority accepted Mor/Ryde's reasoning that the terms "exemplary" and "punitive" are often used interchangeably to denote damages awarded not to compensate the claimant, but to punish the defendant—and that because exemplary damages under the Sales Representative Act meet that definition, they must be subject to the Punitive Damages Act. Judge Barnes dissented, agreeing with Andrews that the Act applies only to discretionary common-law punitive damage awards, not statutory damage awards like the Sales Representative Act—relying on our holding in Obremski v. Henderson that similar treble-damage awards as a civil remedy for certain crime victims are "regarded as distinct from recovery of common law punitive damages," and thus not limited by the Act. 497 N.E.2d 909, 911 (Ind. 1986). We agree with Judge Barnes, and therefore grant transfer and reverse the trial court.

**Standard of Review**

Because statutory interpretation is a question of law, we review such issues *de novo*, and do not defer to a trial court's interpretation of the statute's meaning. State v. Int'l Bus. Machines Corp.,

2

964 N.E.2d 206, 209 (Ind. 2012). That is, we "independently review the statute's meaning and apply it to the facts of the case under review." Id. (quoting Elmer Buchta Trucking, Inc. v. Stanley, 744 N.E.2d 939, 942 (Ind. 2001)) (internal quotation marks omitted). Accordingly, we consider *de novo* whether the Punitive Damages Act's restrictions apply to treble damages under the Sales Representative Act.

### Discussion and Decision

Indiana first restricted common-law punitive damage awards in 1984, when it required them to be proved by "clear and convincing evidence." I.C. §§ 34-4-34-1, -2 (Supp. 1984). But the current Punitive Damages Act's sweeping limitations were enacted in 1995, "as part of a comprehensive tort-reform package" aimed at "the tort and products liability fields." Weinberger v. Estate of Barnes, 2 N.E.3d 43, 48–49 (Ind. Ct. App. 2013), trans. denied (quoting Andrew P. Wirick & Ann Marie Waldron Piscione, Tort Law Reform (?) and Other Developments in Indiana Tort Law, 29 Ind. L. Rev. 1097, 1097 (1996)) (internal quotation marks omitted). The Act's goals were to "discourage plaintiffs from bringing punitive damages claims," to "decrease the plaintiff's windfall recovery" and "protect defendants from excessive punitive damage awards," and generally to "combat perceived ills associated with the rising number of punitive damage awards." Id. (citations omitted). And it used three mechanisms to accomplish those objectives: requiring proof by "clear and convincing evidence," I.C. § 34-51-3-2 (2008); capping awards at the greater of three times compensatory damages or $50,000, I.C. § 34-51-3-4; and diverting three-fourths of the punitive damage award to the State, I.C. § 34-51-3-6. In each regard, the Act—both in its goals and its mechanisms—were targeted at the type of discretionary, open-ended punitive damage awards available at common law, which the Legislature had concluded were being sought and awarded too liberally.[1] Since punitive damages are a creation of common law, limiting (or even prohibiting) their recoverability is within the Legislature's discretion. Cheatham v. Pohle, 789 N.E.2d 467, 471–72 (Ind. 2003).

By contrast, other causes of action and corresponding remedies are purely the Legislature's own creation. One such example is the Crime Victims Relief Act, which permits the victims of certain crimes to bring an action for up to three times their pecuniary losses plus attorney fees. I.C.

---

[1] Such public policy determinations are the Legislature's prerogative, and we do not judge the wisdom or suitability of the laws it enacts to those ends. State v. Doe, 987 N.E.2d 1066, 1070 (Ind. 2013).

§ 34-24-3-1 (2008 & Supp. 2011). To the extent those awards exceed the victim's actual damages, their purpose is no less "punitive" or "exemplary" than their common-law counterparts. Yet we held that such actions were not subject to proof by "clear and convincing evidence," as the first version of the Punitive Damages Act required, because "recovery of treble damages under this section is regarded as distinct from recovery of common law punitive damages." Obremski, 497 N.E.2d at 911. We agree with Judge Barnes that Obremski's distinction between common-law punitive damages and statutory exemplary damages is controlling here. While the Punitive Damages Act was enacted to drastically *restrict* recovery in light of perceived *abuses* at common law generally, the Sales Representative Act's treble-damage provisions at issue here—like the similar Crime Victims Relief Act provisions in Obremski—were enacted to *increase* recovery from what the common law would otherwise permit. We think it highly unlikely that the Legislature would expand a remedy with one hand (the Sales Representative Act or the Crime Victims Relief Act), while restricting it with the other (the Punitive Damages Act).

Moreover, there is a substantive distinction between statutory treble damages under the Sales Representative Act and common-law punitive damages. A claim for unpaid commissions sounds in contract. But Indiana follows "the rule of no punitive damages in contract cases," Erie Ins. Co. v. Hickman, 622 N.E.2d 515, 519 (Ind. 1993), unless the claimant "plead[s] and prove[s] the existence of an independent *tort* of the kind for which Indiana law recognizes that punitive damages may be awarded," Miller Brewing Co. v. Best Beers of Bloomington, Inc., 608 N.E.2d 975, 984 (Ind. 1993) (emphasis added). "Bad faith" breach of a contract will not support punitive damages unless there is a "special relationship" between the parties (such as the sometimes arms-length, sometimes-fiduciary relationship between an insurer and its insured) "to support imposition of a tort duty." Hickman, 622 N.E.2d at 518. But the Sales Representative Act deviates from those common-law principles by permitting treble damages for a principal's "bad faith" failure to pay commissions within the specified time. I.C. § 24-4-7-5(b). Since such a damage award would not have been available at common law, it cannot be the type of "common law punitive damages" that Obremski holds are restricted by the Punitive Damages Act.

Finally, the Legislature could readily have abolished Obremski's distinction between common law and statutory punitive damages as part of the major 1995 amendments to the Punitive Damages Act, but it chose not to do so. While a single decision of this court may not be enough to establish "legislative acquiescence," see Durham ex rel. Estate of Wade v. U-Haul Int'l, 745

4

N.E.2d 755, 768 (Ind. 2001) (Rucker, J., dissenting), we find it instructive that an amendment that dramatically increased the reach of the Punitive Damages Act nevertheless did not include a change extending it to encompass statutory treble damages.

**Conclusion**

Like Judge Barnes, we "cannot discern why a different rule should apply to an award of treble damages under the [Sales Representative Act]" than the rule Obremski applied to such damages under the Crime Victims Relief Act. We therefore grant transfer, hold that treble damages under the Sales Representative Act are not subject to the Punitive Damages Act, and accordingly reverse the trial court.

Dickson, C.J., and Rucker, David, and Massa, JJ., concur.