

FILED

Jun 26 2024, 9:31 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

# IN THE
# Court of Appeals of Indiana

Cherelle Taylor,

*Appellant-Defendant*

v.

State of Indiana,

*Appellee-Plaintiff*

---

June 26, 2024

Court of Appeals Case No.
23A-CR-2898

Appeal from the Marion Superior Court

The Honorable Amy M. Jones, Judge
The Honorable David M. Hooper, Magistrate

Trial Court Cause No.
49D34-2304-F6-9701

---

**Opinion by Judge Weissmann**
Judges Mathias and Tavitas concur.

**Weissmann, Judge.**

[1] Cherelle Taylor was found guilty of felony battery against her 12-year-old-son, A.W., after beating, biting, choking, and generally attacking him until he was almost unconscious. In this context, Taylor contends that Indiana's statute criminalizing battery against a child under 14 is unconstitutional as applied because it did not provide fair notice that her actions exceeded "reasonable parental discipline." We affirm.

## Facts

[2] While Taylor and A.W. were living in a hotel, Taylor saw A.W. watching a "hardcore" video.[1] Tr. Vol. II, p. 45. Taylor verbally reprimanded him for this. Taylor also found an inappropriate video on A.W.'s phone and deleted the video without telling A.W.

[3] A few days later, Taylor looked at her Netflix account and saw that someone had watched two movies she believed were inappropriate. She got angry and began cursing at A.W., threatening to beat him. As A.W. lay on his bed, Taylor kept arguing and asked for his phone. When A.W. tried to say that he had done nothing wrong, Taylor began to hit A.W., including several blows to his head. A.W. fought back, and both ended up on the floor. At this point, Taylor took a plastic trash bag and put it over A.W.'s head. A.W. quickly ripped the bag off.

---

[1] The record is unclear about the specific content of the video, but Taylor describes the material as "pornographic" in her briefs. Appellant's Br., p. 6; Reply Br., p. 6.

[4] Taylor eventually got ahold of A.W.'s phone. When A.W. went to grab the phone back from her, Taylor bit him on his arm. Taylor then pinned A.W. to the ground by putting her knee on his chest and her forearm to his throat so hard that he "almost blacked out." *Id.* at 34-35. A.W. was taking asthma medication at the time.

[5] Eventually, A.W. was able to leave the room and seek help. When a police officer arrived, she observed that A.W. was barefoot and "very scared." *Id.* at 36-38. He had bruises covering his head, a swollen eye, and a bite mark on his arm. The State charged Taylor with battery on a person less than 14 years of age as a Level 6 felony.

[6] At Taylor's bench trial, A.W. and Taylor offered largely consistent testimony about the incident. Taylor acknowledged biting and generally fighting with A.W. but denied deliberately placing a plastic bag over his head. She also defended the act of pinning A.W. to the floor as a "submission hold" where the goal was only to control his movement without inflicting pain. *Id.* at 51.

[7] Taylor asserted the parental privilege defense, essentially arguing that her actions amounted only to the force reasonably necessary to discipline her son. The trial court rejected this defense and found Taylor guilty. In doing so, the trial court expressed regret at the "very little guidance" he found in the caselaw

about the line between permissible corporal punishment and criminal actions.[2] *Id.* at 62-63. Ultimately, the trial court concluded that while some of Taylor's conduct was "okay," other parts "really did cross this blurry line." *Id.* at 63.

## Discussion and Decision

[8] Taylor makes a singular argument. She contends that the statute defining battery against a child under 14 is unconstitutionally vague as applied here because the statute "does not provide fair notice regarding the distinction between reasonable parental discipline and a criminal act." Appellant's Br., p. 5. We disagree.[3]

## The Battery Statute Was Not Unconstitutionally Vague As Applied

[9] A challenge to a statute's constitutionality is a "pure question of law," which is always reviewed de novo. *State v. Doe*, 987 N.E.2d 1066, 1070 (Ind. 2013). An "as applied" challenge must show the statute is unconstitutional "on the facts of the particular case." *State v. Zerbe*, 50 N.E.3d 368, 369 (Ind. 2016) (quoting *Meredith v. Pence*, 984 N.E.2d 1213, 1218 n.6 (Ind. 2013)). Statutes enjoy a

---

[2] Specifically, the trial court referenced Judge Crone's concurring opinion in *Carter v. State*, 67 N.E.3d 1041, 1049 (Ind. Ct. App. 2016).

[3] The State points out that Taylor waived this claim by failing to argue it before the trial court. In general, claims are waived on appeal if not first presented to the trial court. *Pava v. State*, 142 N.E.3d 1071, 1075 (Ind. Ct. App. 2020). Nevertheless, Indiana's appellate courts may exercise their "discretion to address the merits of a party's constitutional claim notwithstanding waiver." *Plank v. Cmty. Hosp. of Ind., Inc.*, 981 N.E.2d 49, 53 (Ind. 2013) (collecting cases). We do so here. *See Pava*, 142 N.E.3d at 1075 (addressing merits of vagueness claim raised for first time on appeal).

strong presumption of constitutionality, and all reasonable doubts are construed in favor of constitutionality. *Tiplick v. State*, 43 N.E.3d 1259, 1262 (Ind. 2015).

[10] Criminal statutes may be invalidated on vagueness grounds for two reasons: "(1) for failing to provide notice enabling ordinary people to understand the conduct that it prohibits;" or "(2) for the possibility that it authorizes or encourages arbitrary or discriminatory enforcement." *Brown v. State*, 868 N.E.2d 464, 467 (Ind. 2007). A defendant cannot meet this burden by constructing hypothetical situations demonstrating vagueness. *Gates v. State*, 192 N.E.3d 222, 225 (Ind. Ct. App. 2022).

[11] Indiana's battery statute applies when a defendant "knowingly or intentionally touches another person in a rude, insolent or angry manner." Ind. Code § 35-42-2-1(c). The crime is a Level 6 felony when committed on a person less than 14 years of age. Ind. Code § 35-42-2-1(e)(3). In applying this statute, our Supreme Court has noted the State's "powerful interest in preventing and deterring the mistreatment of children." *Willis v. State*, 888 N.E.2d 177, 180 (Ind. 2008).

[12] At the same time, parents have a fundamental liberty interest in maintaining a familial relationship with their child, including the right "to direct the upbringing and education of children." *Id.* (quoting *Pierce v. Soc'y of Sisters*, 268 U.S. 510, 534-35 (1925)). The right to direct an upbringing includes "the use of reasonable or moderate physical force to control behavior." *Id.*

[13] To balance these interests, our Supreme Court grafted the common law defense of parental privilege onto Indiana Code § 35-41-3-1, which generally provides "[a] person is justified in engaging in conduct otherwise prohibited if he has the legal authority to do so." *Willis*, 888 N.E.2d at 181. Thus, parents may use "reasonable force" on their children necessary for "proper control, training, or education." *Id.* at 182 (quoting Restatement of the Law (Second) Torts, § 147(1) (1965)). When a parent asserts the parental privilege defense, "the State must prove that either: (1) the force the parent used was unreasonable or (2) the parent's belief that such force was necessary to control her child and prevent misconduct was unreasonable." *Id.* At her bench trial, the trial court rejected Taylor's parental privilege defense, concluding that some of her actions crossed the "blurry line" of the parental privilege defense. Tr. Vol. II, p. 63.

[14] Now, Taylor contends that this framework deprived her of fair notice that her actions amounted to criminal battery, and not reasonable parental force. A prior decision of this Court guides our decision here. In *Pava v. State*, a mother caused "extensive bruising" to her 9-year-old son by striking son 10 times with an electrical cord in a purported attempt at disciplining the child. 142 N.E.3d 1071, 1074 (Ind. Ct. App. 2020). The mother was found guilty of battery and argued on appeal that the statute was unconstitutionally vague as applied.

[15] The panel in *Pava* rejected the vagueness challenge, in part, because the reasonableness standard underpinning the parental discipline privilege foreclosed any vagueness concerns. In essence, the rule is that "a reasonable person standard provides enough notice of prohibited conduct and limitations

upon discretionary enforcement to satisfy constitutional concerns." *Id.* at 1077 (quoting *Morgan v. State*, 22 N.E.3d 570, 576 (Ind. 2014)). With this in mind, we conclude that Taylor has failed to carry her burden of demonstrating that the battery statute is unconstitutionally vague as applied to her specific acts: punching her child repeatedly on the head; biting her child; and pinning her child to the ground with her knees while also placing her forearm against her child's throat so hard that he "almost blacked out." Tr. Vol. II, pp. 34-35. We recognize Taylor's right to parent and discipline her son. That said, we have little difficulty in finding the acts here squarely outside the realm of "reasonable" parental discipline.

[16] Accordingly, we reject Taylor's claim that Indiana Code § 35-42-2-1 was unconstitutionally vague as applied to her.

[17] Affirmed.

Mathias, J., and Tavitas, J., concur.

ATTORNEY FOR APPELLANT

Lisa Johnson
Brownsburg, Indiana

ATTORNEY FOR APPELLEE

Theodore E. Rokita
Attorney General of Indiana

Daylon L. Welliver
Deputy Attorney General
Indianapolis, Indiana